IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONTE PARRISH, | : | 1:13-cv-279 |
| | : | |
| Petitioner, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Martin C. Carlson |
| USP-BIG SANDY, | : | |
| | : | |
| Respondent. | : | |

# MEMORANDUM

## June 5, 2013

This matter is before the Court on the Report and Recommendation ("R&R") of Chief Magistrate Judge Martin C. Carlson (Doc. 5), filed on May 3, 2013, which recommends that we dismiss *pro se* Petitioner Donte Parrish's ("Petitioner" or "Parrish") 28 U.S.C. § 2254 habeas corpus petition without prejudice to renewal of the petition once Parrish has properly exhausted his state court remedies. Parrish filed objections to the R&R on May 23, 2013. (Doc. 7). Accordingly, this matter is ripe for our review. For the reasons set forth below, the Court will adopt the Magistrate Judge's R&R in its entirety.

I. **STANDARD OF REVIEW**

1

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980). The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

## II. DISCUSSION

On February 5, 2013, Parrish filed in the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 related to his 2002 no-contest pleas in the York County Court of Common Pleas for simple assault, reckless endangerment and criminal conspiracy to commit simple assault. Petitioner was sentenced to time-served to 23 months imprisonment for the assault conviction and an additional 12 months imprisonment for the reckless endangerment conviction. *See* Docket, *Commonwealth v. Parrish*, CP-67-CR-0001970-2002. Parrish took no direct appeal from this conviction, and allowed eight years to pass before he sought

to challenge these convictions in July 2010, through a petition filed pursuant to Pennsylvania's Post Conviction Relief Act, 42 Pa. C. S. A. §§ 9541 *et seq.* ("PCRA"). That PCRA petition remains pending in the Court of Common Pleas.

It is well-established that state prisoners seeking relief under 28 U.S.C. § 2254 must satisfy precise procedural standards prior to asserting a habeas petition in federal court. Among these prerequisites is a requirement that the petitioner "has exhausted the remedies available in the courts of the State" before seeking relief in federal court. 28 U.S.C. § 2254(b). In instances where a state prisoner has failed to exhaust the legal remedies available to him in the state courts, federal courts typically will refuse to entertain a petition for habeas corpus. *See Whitney v. Horn*, 280 F. 3d 240, 250 (3d Cir. 2002). This exhaustion requirement is rooted in principles of comity and reflects the fundamental idea that the state should be given the initial opportunity to pass upon and correct alleged violations of the petitioner's constitutional rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999).

Within his objections, Parrish asserts that "this petition meets the exhaustion requirement because the state has been given full opportunity to adjudicate the matter but refuses to." (Doc. 7, p. 1). Petitioner goes on to state the alleged failings of his counsel relative to the PCRA proceedings has caused that litigation

to be delayed. While Petitioner may be frustrated with the lengthiness of the PCRA process in state court, as the Supreme Court has aptly observed: "a rigorously enforced total exhaustion rule" is necessary in our dual system of government to prevent a federal district court from upsetting a state court decision without first providing the state courts with the opportunity to correct a constitutional violation." *Rose v. Lundy*, 455 U.S. 509, 518 (1982). Thus, because Parrish has not exhausted his remedies in the state courts, we shall not entertain the instant petition in this Court.

An appropriate Order shall issue.